NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30200 |
| Plaintiff-Appellee, | D.C. No. 4:22-cr-00040-BMM-1 |
| v. | |
| AARON RAMIREZ ESPINOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 19, 2023**
Portland, Oregon

Before: GILMAN,*** KOH, and SUNG, Circuit Judges.

Defendant Aaron Espinoza appeals his jury conviction for conspiracy to

possess with intent to distribute controlled substances, in violation of 21 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 846. We review challenges to the sufficiency of evidence de novo. *See United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sufficient evidence supported Espinoza's conviction. We "must consider the evidence presented at trial in the light most favorable to the prosecution," and then "determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Espinoza argues that statements he made to a co-conspirator, St. Pierre, cannot be considered because St. Pierre was a government informant when those conversations occurred. However, there is also evidence showing that Espinoza engaged in the conspiracy to sell methamphetamine and fentanyl before St. Pierre became a government informant. Even assuming we may consider only the evidence that pre-dated St. Pierre working as an informant, that evidence, viewed in the light most favorable to the prosecution, is sufficient to support the conviction.

**AFFIRMED.**